## SULLIVAN *versus* PARK.

The second section of the Act of 1846, chap. 205, which prohibits the maintenance of suits upon *contracts*, made for liquor illegally sold, cannot be construed to prohibit actions of *trover* for the unlawful conversion of such liquor.

The lien of a common carrier, for the freight of goods, transported by sea from a port of one nation to that of another does not, of itself alone, authorize him to sell the goods for payment of the freight. The usual remedy is by a libel before some tribunal, by whose decree the shipper's rights may be protected.

Of declarations and acts *in pais*, by which the owner of property may be estopped to claim it.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

WELLS, J., orally. — This was an action of trover for a cask of alcohol. It was purchased by the plaintiff at Eastport in this State, and put on board a vessel under the command of one Magee, to be freighted to St. John, in the province of New Brunswick, where it was seized for a breach of the revenue laws, but was after several weeks restored to Magee, who then warehoused it as his own property ; took a warehouse certificate, and² sold it to the defendant, from whom it was seasonably demanded by the plaintiff.

The seizure was made at St. John, where the plaintiff resided, and there was evidence tending to show that, though he knew the fact, he asserted, at the custom-house department, no ownership or claim of the property, while the seizure continued.

At the trial, exceptions were taken by the defendant to the rulings of the Judge.

1. It was contended, that the action is prohibited by the Act of 1846, chap. 105, sect. 10. But that Act relates wholly to *contracts*. It does not prohibit suits for *acts of tort*.

If it were shown to have been sold to the plaintiff in violation of the Act, that would not give to the defendant a right to convert the liquor to his own use. But it was not even attempted to be proved, that the sale to the plaintiff was illegal.

Sullivan v. Park.

2. It was contended that Magee had a lien on the alcohol for its freight, and that the plaintiff cannot recover without proof that the freight had been paid or tendered. The Judge ruled otherwise.

That carriers, by the commercial law, have a lien for freight, is true ; but that alone gives no right to sell the property, in order to pay that freight. The ordinary remedy, it may be remarked, in such case, is by a libel of the property before some tribunal, by whose decree the rights of the owner may be protected.

Besides, the case shows that Magee did not sell under such a claim of lien, but as his own property. Upon this point, it is not perceived that there was any error in the ruling.

3. The Judge was requested to instruct the jury, that "if the plaintiff knowingly allowed Magee to act as owner of the property in claiming it when under seizure, and afterwards entering and warehousing it in his own name, and as his own property, he is bound by the sale to Park, if Park was an innocent purchaser, without knowledge of the title of the plaintiff.

It is often difficult to prescribe what acts or sayings of a party in relation to property, shall amount to an estoppel, so that he may not be permitted to explain them away. The request in this case was confined to a part only of the facts, which might have borne upon the question. It asks the Judge to instruct the jury absolutely on a portion of the facts, in a particular way, when those facts might be materially qualified by other facts in the case. A refusal, under such circumstances, to give the requested instruction, would not be ground of exception.

The Judge did, however, in effect give the instruction requested, and went beyond it ; but this furnished no ground of complaint to the *defendant.* The instructions given were, " *that* mere quiescence on the part of the plaintiff as to the conduct of Magee, would not necessarily destroy his right to maintain this action ; *that* the law does not permit a man to stand by and see the person to whom his property has been

entrusted sell the same, and then reclaim that property from an innocent purchaser; *that* such conduct would be equivalent to a disclaimer of ownership; and *that* if the plaintiff, by his acts or words to the defendant or to the public, had virtually disclaimed his ownership in the property, or, by his own conduct concerning it, had induced the defendant to believe the alcohol was the property of Magee, instead of his own, then he could not prevail in this action.

These instructions might have furnished ground of complaint to the *plaintiff*, if the verdict had been the other way. The declarations of a party which should estop him, as to a third person, must be made to one who has a right to know the relations of the party to the property in question : — if made only to a person having no such right, they would not necessarily create an estoppel. The instruction was broader than the request. If there was any error, it was in favor of the *defendant*.

A motion was made to dismiss this action, because prohibited by the Act of 1851. It is enough to say that the Court must be confined to matters presented in the exceptions. The Act referred to, was passed since the trial, and the construction of it is not called for by any of the exceptions presented.

*Exceptions overruled.*

*A. Hayden*, for the defendant.

*D. T. Granger*, for the plaintiff.